JAMES JOHNSON *vs.* AMOS STAYTON.

The obstructing a public road is not the ground of private action, without special damage.

THIS was an action of trespass on the case, for obstructing the plaintiff's right of way over a public road. Some of the counts laid it as a private road. No special damage was laid. The obstruction was proved in a public highway.

*Mr. Cullen, jr.*, moved a nonsuit; and cited 4 *Law Lib.*, *Woolrich on Ways*; 3 *Blac. Com.*, 219; 8 *Cow. Rep.*, 146; *Clinton's Digest*, 1927; 7 *Cow. Rep*, 609; 28 *Wend. Rep.*, 446; 1 *Esp. Rep.*, 148; 4 *Mau. & Selw.*, 101; 5 *Denio Rep.*, 213; 2 *Bing. Rep.*, 263; 2 *Ib.*, *new series*, 281; 9 *Com. Law.*, 407; 29 *Ib.*)

*Mr. Layton*, contra.—The road is laid in two counts as a public road, in others as a private right of way. We may go before the

jury on either. We are not bound to submit to a nonsuit. (3 *U. S. Dig.*, 68.)

*By the Court.*

BOOTH, *Chief Justice.*—The declaration joins, perhaps property, counts for obstructing a public road, with a count for obstructing a private road, and for obstructing a private right of way. The entire proof offered in reference to the character of this road is, that it is a public road. For obstructions to a public road, the remedy is by indictment. If one individual might maintain a private action for the obstruction of a public road, every person might. Such action cannot be maintained, without the allegation and proof of special damage. There is no such allegation or proof in this case, and the plaintiff must be nonsuited.

It is true that the plaintiff may, as he says, refuse to submit to the nonsuit, and go to the jury; but it will be a mere waste of time, as we shall charge the jury according to this ruling.

The plaintiff submitted to a nonsuit.

*Layton,* for plaintiff.

*Cullen* and *Houston,* for defendant.